## APPEALS OF JORDAN MARSH CO. AND AVON STREET TRUST.

Docket Nos. 4458, 4459. Submitted October 12, 1925. Decided February 3, 1926.

The taxpayers were affiliated for the fiscal year ended January 31, 1921.

*Henry S. Richardson, Esq.*, for the taxpayers.
*P. S. Crewe, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

### FINDINGS OF FACT.

The Jordan Marsh Co. is a Massachusetts corporation, incorporated in May, 1901. Its principal place of business is in Boston. Originally there were three stockholders, E. D. Jordan, E. J. Mitton, and A. E. Dumaresq, the latter a relative of E. D. Jordan, the percentages of stock owned by each being 50, 30, and 20. About one year after incorporation, Dumaresq transferred one-half of his holdings to George W. Mitton, a son of E. J. Mitton, and one-half to W. F. Watters, an employee of the company. On May 17, 1910, the stockholders entered into the following agreement:

Agreement between Eben D. Jordan, Edward J. Mitton, Walter F. Watters, and George W. Mitton.

Each of the parties hereto agrees with the others that in case he desires to dispose of his stock in the Jordan Marsh Company, or any part thereof, he will first give to the others who may then be living, or the survivor of them, an option to purchase the shares he desires to dispose of, or any part thereof, for thirty days, in proportion to their respective holdings, or in case only one is living, such option to the survivor. In case either of the parties fails to exercise his option by taking all the stock offered thereunder, the other or others shall have the right for thirty days after the termination of such option to purchase the stock not taken as aforesaid, in proportion to their respective holdings, if there are more than one; and in case there should be more than one who have a right to take the stock of the party failing to exercise his option, and either fails to take, within thirty days, all the stock which he is entitled to take of the party failing to exercise his option as aforesaid, then the other shall have the right for thirty days after the termination of the last option to purchase the stock not taken as aforesaid.

After the giving of such options and the failure to exercise the same as aforesaid, the party desiring to dispose of his stock shall be at liberty to dispose of the same, or so much thereof as has not been purchased under such options, for a period of one year from the time of the failure to exercise the last option given; but this agreement shall not prevent the parties hereto from disposing by will of any stock owned by them respectively at the time of their death, or prevent the distribution of the same to the persons entitled to the property of a deceased party hereto, but such legatees or distributees shall take said stock subject to the obligations of this agreement, which shall bind them with the same effect and force as if they were originally parties hereto.

The price to be paid under said options shall be fixed by the board of directors of the Jordan Marsh Company, on application of the seller or of any stockholder desiring to purchase. The fact that a stockholder may be a seller or possible purchaser shall not debar him from sitting with the board and taking part in such determination, if he is a director.

The executors or trustees of the parties hereunder or of any stockholder bound by the terms of this agreement may sell the shares of stock of the Jordan Marsh Company held by them to the sons of their testator or testatrix, who are engaged in the business, without first offering the same to the other stockholders, but otherwise subject to the terms of this agreement.

This agreement shall be binding during the lives of all the parties hereto and shall bind their executors, administrators, legatees and distributees.

The Avon Street Trust is a common-law trust, taxable as a corporation under the Revenue Acts of 1918 and 1921. It is the owner of certain land and buildings thereon which were constructed for the uses of Jordan Marsh Co. Its property adjoins the main store of that company and is connected therewith by subterranean passages. The property is so situated as to location and ownership that it constitutes a part of a single business consisting of the two companies. Its shares were originally subscribed for by E. D. Jordan and E. J. Mitton and, in the taxable year, they were owned by their estates or their descendants.

At the beginning and throughout the fiscal year ended January 31, 1921, except for the change hereinafter referred to, the record holders of the stock of the corporation and of the trust, together with a description of the parties holding, were in the percentages indicated in the following table:

| Record stockholder. | Per cent of total. | | Description of parties. |
|---|---|---|---|
| | Jordan Marsh Co. | Avon Street Trust. | |
| 1. Estate of Eben D. Jordan | 26. 67 | 23. 87 | Beneficiaries: May S. Jordan (widow) for life, D. Jordan Robinson (daughter), and Robert Jordan (son), remainderman. |
| 2. Robert Jordan | 23. 33 | 16. 67 | A trustee and remainderman of No. 1. |
| 3. Mrs. May S. Jordan | | 4. 73 | Widow of E. D. Jordan, mother of No. 2 and beneficiary of No. 1. |
| 4. Mrs. D. Jordan Robinson | | 4. 73 | Daughter of E. D. Jordan and No. 3, sister of No. 2 and beneficiary of No. 1. |
| 5. Estate of Edward J. Mitton | 30 | 50 | Five children of Edward J. Mitton in equal proportion. |
| 6. George W. Mitton | 10 | | Son, Edward J. Mitton, a beneficiary and trustee of. |
| 7. Walter F. Watters | 10 | | Employee of Jordan Marsh Co. |
| Total | 100 | 100 | |

The change which occurred during the taxable year was occasioned by the death, on November 4, 1920, of May S. Jordan, beneficiary of one-half of the trust estate of E. D. Jordan for life and owner of 4.73 per cent of the stock of the trust, at which time one-half of the stock of both the company and the trust held in trust for her became distributable absolutely to Robert Jordan, as remainderman, and the other half continued in the trustees to be held for the benefit of Dorothy Jordan Robinson, the other beneficiary of the trust estate, and her ownership of 4.73 per cent of the stock of Avon Street Trust passed to her daughter, Dorothy Jordan Robinson, outright.

During the taxable year the trustee of the estates of E. D. Jordan were Robert Jordan (also a stockholder in his own name), Charles K. Cobb, and William C. Taylor, and the trustees of the estate of E. J. Mitton were George W. Mitton (also a stockholder in his own right and beneficiary under the will of his father), Robert G. Mitton (also a beneficiary under the will), and Charles E. Barnes.

George W. Mitton has at all times, in voting the stock owned by the estate of E. J. Mitton, voted it in the same manner as he has voted the stock owned in his own right. The records of a stockholders' adjourned annual meeting held May 5, 1922, show that those present were:

George W. Mitton, representing himself and the estate of E. J. Mitton, Robert Jordan, representing himself and the estate of E. D. Jordan, and Walter F. Watters, the full capital stock being those represented.

The records of Jordan Marsh Co. show that there has never been a dissenting vote cast, either at a meeting of the stockholders or at a meeting of the board of directors of Jordan Marsh Co.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: The only question raised by these appeals is whether the taxpayers were affiliated for the fiscal year ended January 31, 1921. They were affiliated if substantially all of the stock of both was " owned or controlled by the same interests." Section 240 (c) of the Revenue Act of 1921.

It may be deduced from the findings of fact that the shares of stock of the two taxpayers were owned at the beginning of the taxable year as follows:

| Record stockholder. | Per cent of total. | |
| --- | --- | --- |
| | Jordan Marsh Co. | Avon Street Trust. |
| Estate of E. D. Jordan | 26. 67 | 23. 87 |
| Robert Jordan | 23. 33 | 16. 67 |
| Estate of E. J. Mitton | 30 | 50 |
| George W. Mitton | 10 | |
| Minority interests | 10 | 9. 46 |
| Total | 100 | 100 |

The estate of E. D. Jordan was administered by three trustees, one of whom was Robert Jordan, who also was a remainderman of the estate and who came into absolute ownership of his interests in November, 1920. The estate of E. J. Mitton was likewise administered by three trustees, one of whom was George W. Mitton, a son of E. J. Mitton. He was one of five children of E. J. Mitton and had a one-fifth beneficial interest in the estate of his father. The 10 per cent minority interest in Jordan Marsh Co. was owned by W. F. Watters. He had, in 1920, long been in the employ of that company and his stock was held under the provisions of the agreement of May 17, 1910, the material portions of which are set forth in the findings of fact. The minority interest in the Avon Street Trust from February 1, to November 4, 1920, was owned one-half by May S. Jordan, the widow of E. D. Jordan, and mother of Robert Jordan, and D. Jordan Robinson. The other one-half was owned by D. Jordan Robinson. Upon the death of May S. Jordan, her one-half of the minority interest passed to her executor for the benefit of D. Jordan Robinson.

The record is not satisfactory as to whether Robert Jordan had any actual control over the stock held by the estate of E. D. Jordan or by his mother or sister. It is in evidence, however, that at an adjourned meeting of the stockholders of Jordan Marsh Co. held on May 5, 1922, Robert Jordan represented himself and the estate of E. D. Jordan; at the same meeting George W. Mitton represented and voted the stock held by the estate of E. J. Mitton and, from his affidavit admitted in evidence, it appears that he habitually voted the stock held by the estate. It is further in evidence that the records of Jordan Marsh Co. show that no dissenting vote has ever been cast by any stockholder, either at an annual meeting or a meeting of the board of directors.

What constitutes ownership or control "by the same interests" was discussed in *Appeal of Rishell Phonograph Co.*, 2 B. T. A. 229. We have held that blood relationship is a factor to be taken into consideration in determining whether the shares of stock in different corporations are owned or controlled by the same interests. *Appeal of Wright Cake Co.*, 2 B. T. A. 58; *Appeal of Midland Refining Co.*, 2 B. T. A. 292; *Appeal of Edward Rose Co.*, 2 B. T. A. 341. In the instant appeal, 90 per cent of the stock of Jordan Marsh Co. and 100 per cent of the stock of the Avon Street Trust was owned by the Jordans and Mittons.